**Robert H. THIBODEAU, Plaintiff,**

v.

**Margaret HECKLER, Secretary of Health and Human Services, Defendant.**

**Civ. No. 83–0307–B.**

United States District Court, D. Maine.

Sept. 30, 1983.

---

Patrick N. McTeague, McTeague, Higbee, Libner & Reitman & Priest, Brunswick, Me., for plaintiff.

William H. Browder, Jr., Asst. Atty. Gen., Bangor, Me., for defendant.

## ORDER DENYING PLAINTIFF'S MOTION TO COMPEL PAYMENT OF BENEFITS PENDING APPEAL

CYR, District Judge.

Relying on section 223(g) of the Social Security Act, 42 U.S.C. § 423(g),[1] plaintiff seeks an order directing the defendant to restore his disability benefits retroactively to February 1982, the date such benefits were terminated, and to continue benefit payments pending review by this Court of the Secretary's "final decision."

Plaintiff's reliance on section 223(g) is misplaced. By permitting a claimant whose benefits have been terminated to continue receiving payments pending a final decision of his claim by the Secretary, section 223(g) creates a limited statutory exception to the general rule that benefits are paid only to those claimants determined eligible. By its express language, the statute is aimed at the time interval between the initial termination of benefits by the state and the claimant's appeal of that determination to a Social Security Administration administrative law judge [ALJ] and the Appeals Council.

Paragraph (1)(C) provides for continued payments where "a timely request for a hearing under section 221(d) [which provides for an administrative hearing before an ALJ], or for an administrative review prior to such hearing, is pending. . . ." By providing that interim payments are recoverable if the final decision of the Secretary is adverse to the claimant, paragraph (2)(A) intimates that section 223(g) applies only to the administrative appeals process and does not extend beyond the final decision of the Secretary.

1. The statute reads:

(g) Continued payment of disability benefits during appeal.

(1) In any case where—

(A) an individual is a recipient of disability insurance benefits, or of child's, widow's, or widower's insurance benefits based on disability, (B) the physical or mental impairment on the basis of which such benefits are payable is found to have ceased, not to have existed, or to no longer be disabling, and as a consequence such individual is determined not to be entitled to such benefits, and

(C) a timely request for a hearing under section 221(d) [42 USCS § 421(d)], or for an administrative review prior to such hearing, is pending with respect to the determination that he is not so entitled, such individual may elect (in such manner and form and within such time as the Secretary shall by regulations prescribe) to have the payment of such benefits, and the payment of any other benefits under this Act based on such individual's wages and self-employment income (including benefits under Title XVIII [42 USCS §§ 1395 et seq.]), continued for an additional period beginning with the first month beginning after the date of the enactment of this subsection [enacted Jan. 12, 1983] for which (under such determination) such benefits are no longer otherwise payable, and ending with the earlier of (i) the month preceding the month in which a decision is made after such a hearing, (ii) the month preceding the month in which no such request for a hearing or an administrative review is pending, or (iii) June 1984.

(2)(A) If an individual elects to have the payment of his benefits continued for an additional period under paragraph (1), and the final decision of the Secretary affirms the determination that he is not entitled to such benefits, any benefits paid under this title [42 USCS §§ 401 et seq.] pursuant to such election (for months in such additional period) shall be considered overpayments for all purposes of this title [42 USCS §§ 401 et seq.], except as otherwise provided in subparagraph (B).

(B) If the Secretary determines that the individual's appeal of his termination of benefits was made in good faith, all of the benefits paid pursuant to such individual's election under paragraph (1) shall be subject to waiver consideration under the provisions of section 204 [42 USCS § 404].

(3) The provisions of paragraphs (1) and (2) shall apply with respect to determinations (that individuals are not entitled to benefits) which are made—

(A) on or after the date of the enactment of this subsection [enacted Jan 12, 1983], or prior to such date but only on the basis of a timely request for a hearing under section 221(d) [42 USCS § 421(d)], or for an administrative review prior to such hearing, and

(B) prior to October 1, 1983.

The Court's view is buttressed by the legislative history, which reveals that section 223(g) was enacted to provide relief to claimants who were having their benefits terminated by state agencies and then, in nearly 65% of all appeals, having their benefits reinstated by an ALJ. *See* S.Rep. No. 97–648, 97th Cong., 10, reprinted in 1982 U.S.Code Cong. & Ad.News 4373, 4377–78. *See also* H.R.Conf.Rep. No. 97–985, 97th Cong., 6–7, reprinted in 1982 U.S.Code Cong. & Ad.News 4373, 4400. By permitting claimants to continue receiving benefits pending a final decision of the Secretary, Congress has attempted to minimize the disparate impact of wide decisional variations among the states and the ALJs, and to set definite limits on the temporal reach of the interim-payment relief.

Plaintiff filed his motion to compel payment long after the final decision of the Secretary had been rendered.[2] Therefore, plaintiff does not fall within the reach of the statute and, accordingly, his motion is *DENIED*.

---

2. Even assuming the statute "applies" to the plaintiff through paragraph (3)(A), as plaintiff argues, the result would not change. The motion is still not timely for any remedial purpose, as it was filed after an adverse final decision by the Secretary.