**Pamela SIMON, Plaintiff,**

v.

**Margaret M. HECKLER, Secretary of Health & Human Services, Defendant.**

**No. C-1-83-1111.**

United States District Court, S.D. Ohio, W.D.

May 10, 1984.

---

**538**

Ronald T. Bella, Cincinnati, Ohio, for plaintiff.

Joseph E. Kane, Asst. U.S. Atty., Columbus, Ohio, for defendant.

## ORDER GRANTING REMAND

SPIEGEL, District Judge.

This matter came on for consideration of defendant's motion to remand (doc. 2) and plaintiff's opposition (doc. 3). The Secretary seeks remand of this termination case so that she may reconstruct plaintiff's claims file.

■ For reasons that follow, we conclude that the Secretary's motion should be granted. Further, we hold that where the Secretary seeks a remand of a termination case to reconstruct a claims file, the plaintiff may elect to receive continued benefits for a period beginning the month in which the remand is ordered and ending the earlier of (i) the month preceding the month in which a decision is made after such a hearing, or (ii) the month after which Congress enacts and the President signs into law new legislation governing termination cases. Should the initial decision to terminate benefits be affirmed by the Administrative Law Judge, these continued benefits shall be considered overpayments and treated in accordance with 42 U.S.C. § 423(g)(2). In the event of such new legislation, that legislation shall supercede this Order.

Plaintiff was granted Social Security disability benefits as of February, 1974. Benefits were terminated July 31, 1982. Plaintiff timely pursued her administrative remedies. Following a hearing December 8, 1982, the Administrative Law Judge (ALJ) before whom plaintiff appeared, affirmed the Secretary's finding that plaintiff's disability ceased in May, 1982 on February 9, 1983. The Appeals Council affirmed this decision on June 27, 1983, after which plaintiff timely commenced this action for judicial review pursuant to 42 U.S.C. § 405(g), July 27, 1983.

■ The Secretary, on the other hand, failed to respond to the complaint in any fashion for almost eight months despite her obligation to answer or seek a remand within sixty days. 42 U.S.C. § 405(g), Rule 12(a), Fed.R.Civ.P. Instead the Secretary filed her motion to remand March 12, 1984. It is not clear from her motion why the Secretary needs to reconstruct the claims file, but it is not unreasonable to assume that the tape is either lost or inaudible. In either event, the need to reconstruct a claims file constitutes good cause under 42 U.S.C. § 405(g), and thus justifies ordering a remand.

Plaintiff, however, asks that if we grant the motion to remand, we also order that plaintiff's benefits be reinstated retroactive to August 1, 1982 and continued until a new hearing has been conducted. She points out that the Social Security Act was amended to permit a claimant whose benefits have been terminated to elect to continue receiving benefits until the decision of the ALJ. 1983 Amendments to § 223 of the Social Security Act, 42 U.S.C. § 423(g), effective January 12, 1983. Plaintiff notes that she did not have the opportunity to elect continued benefits pending her administrative appeal. She states that although the 1983 amendment was not in effect at the time the Secretary determined plaintiff was no longer disabled, the new legislation was the result of Congress' recognition of the hardships posed by the Secretary's acceleration of her continuing disability investigation program. Plaintiff argues that, given the remedial purpose of the amendment and the extreme financial hardships she has already suffered because of the delays in her case, none of which she caused, the Court should reinstate benefits pending a new hearing. Defendant has not opposed plaintiff's request.

The 1983 amendment creates a limited statutory exception to the rule that benefits are available only where a claimant has been declared eligible. It applies to those cases in which the initial termination decision was made on or after January 12, 1983, or before January 12, 1983, if there had been or could be a timely request for an administrative hearing; and before December 7, 1983. 42 U.S.C. § 423(g)(3). The amendment permits a claimant to elect to receive continued benefits for a period beginning with the first month beginning after January 12, 1983, for which such benefits are no longer otherwise payable, and ending with the earlier of (i) the month preceding the month in which a decision is made after such a hearing [*i.e.*, one before an ALJ pursuant to 42 U.S.C. § 421(d) ], (ii) the month preceding the month in which no

such request for a hearing or an administrative review is pending, or (iii) June 1984. 42 U.S.C. § 423(g)(1). The statutory language clearly limits the period during which such benefits may be paid to the pendency of the administrative process, and does not authorize continuation of terminated benefits pending judicial review. *Thibodeau v. Heckler*, 571 F.Supp. 524 (D.Me.1983).

The legislative history, reprinted at 1982 U.S.Code Cong. & Ad.News 4373, 4377–78, states that cases pending an ALJ decision at the time of enactment are also covered by the amendment, but in no case shall a lump sum back payment be authorized. The history also emphasizes that persons whose benefits were terminated prior to enactment of the amendment but who failed to appeal the initial adverse decision were eligible to elect continued benefits only if the time for requesting review had not expired.

Finally, the 1983 amendment provides that where the final decision of the Secretary is to affirm the initial decision to terminate benefits, any continued benefits paid shall be considered overpayments unless subject to waiver. 42 U.S.C. § 423(g)(2)(A), (B). The Committee report indicates that waivers of overpayments should be granted only if fully justified and after all other alternatives, including repayment over a period of time, have been found inappropriate. 1982 U.S.Code Cong. & Ad.News 4378.

Section 423(g) was enacted because in nearly 65% of the termination cases, benefits were being reinstated by the Administrative Law Judges. It represents Congress' "attempt to minimize the disparate impact of wide decisional variations among the states [1] and the ALJs, and to set definite limits on the temporal reach of the interim-payment relief." *Thibodeau*, 571 F.Supp. at 526, discussing the legislative history.

---

**1.** The initial decision that a claimant is no longer disabled and that benefits should be terminated is made by a state agency.

Although plaintiff could have elected continued benefits in January 1983 following enactment as the ALJ had not yet issued a decision, she would not have received such benefits as the first month for which continued benefits were available under the amendment was February, 1983, § 423(g)(1), and the ALJ's decision issued in that month. Moreover, the legislative history makes it clear she could not elect benefits retroactively as Congress did not authorize lump-sum payments of back benefits. In addition, she was not eligible to elect continued benefits once the ALJ rendered his decision finding that she was not entitled to disability benefits.

However, section 423(g) is not the only factor to be considered in termination cases. The dispute over the standard to be applied in termination cases has become increasingly vociferous, with a number of courts disagreeing with the standard utilized by the Social Security Administration. *See, e.g., Patti v. Schweiker*, 669 F.2d 582 (9th Cir.1982); *Holden v. Heckler*, 584 F.Supp. 463, at 471–75 (N.D.Ohio, 1984), and cases cited therein. *See also* C.L. Fallon, "Social Security and Legal Precedent," *Case and Comment* 3, 6–10 (March/April 1984).

Because of the intensity of the public debate over termination cases and the fact that section 423(g) was not available to claimants whose benefits were terminated after December 7, 1983, the Secretary announced on April 13, 1984 that no new periodic reviews would be undertaken and no person with a claim based on termination of previously awarded benefits would lose benefits pending enactment of legislation clarifying the standard to be applied to termination cases. The Secretary explained that she was taking this action

so that no new periodic reviews are begun and no person with a claim properly pending before us loses benefits.

*The Cincinnati Enquirer*, April 14, 1984.

Legislation to clarify the rules governing termination cases is presently before Congress (Levin-Cohen Disability Amendment, S.476, 98th Cong., 2d Sess., 130 Cong. Rec.S. 4475–76 (daily ed. April 12, 1984). The Senate appears to have agreed to expedite consideration of this legislation during May, 1984. Senator Dole stated on the floor of the Senate that he understood that the Secretary did not intend the moratorium (which was to be announced the following day) as a substitute for legislation and that it would be lifted once new legislation was enacted. He added that the moratorium was declared "simply to protect beneficiaries who would be affected by the expiration of [section 423(g)]." 130 Cong.Rec. S. 4476 (daily ed. April 12, 1984).

■ In summary, then, individuals whose benefits were initially terminated in 1983 can elect to receive continued benefits pending administrative review pursuant to section 423(g). We read the Secretary's announcement and Senator Dole's discussion of the moratorium to mean that those individuals terminated in 1984 and whose appeals are still at the administrative level can also elect to continue receiving benefits. We emphasize that there is no legislation authorizing such elections, but we cannot derive any other meaning from the Secretary's announcement that "no person with a claim properly pending before us [will] lose benefits," and Senator Dole's statement that the moratorium is to "insure that no one falls through the cracks" pending new legislation. *The Cincinnati Enquirer*, April 14, 1984; 130 Cong.Rec. S. 4476 (daily ed. April 12, 1984).

■ The Secretary has no jurisdiction over cases appealed to district courts. Thus, the moratorium applies only to cases subject to administrative review. Similarly, section 423(g) permits the election of continued benefits to be paid pending administrative review only. However in the instant case, the Secretary has sought a remand, presumably so a new hearing can be conducted. Although the district court retains jurisdiction of a remanded case, for practical purposes such a case proceeds administratively. We conclude, therefore, that where the Secretary has sought a remand, thereby causing additional delays in the ultimate resolution of a termination

case, the moratorium applies, and the plaintiff is entitled to elect continued benefits.

We decline, however, to order the payment of benefits retroactive to August 1982. Section 423(g) and the moratorium serve similar functions. The purpose of section 423(g) was to encourage the development of a uniform administrative standard for handling termination cases, while simultaneously protecting recipients of benefits during the time it took to develop such a standard. The purpose of the moratorium is to protect individuals receiving benfits during the time it takes Congress to develop a legislative standard for termination cases. In other words, both the 1983 amendment and the moratorium serve to maintain the status quo. Accordingly, we conclude that it is appropriate to adopt the guidelines of section 423(g).

We hold, therefore, that where the Secretary seeks a remand of a termination case to reconstruct a claims file, the plaintiff may elect to receive continued benefits for a period beginning the month in which the remand is ordered and ending the earlier of (i) the month preceding the month in which a decision is made after such a hearing, or (ii) the month after which Congress enacts and the President signs into law new legislation governing termination cases. Should the initial decision to terminate benefits be affirmed by the Administrative Law Judge, these continued benefits shall be considered overpayments and treated in accordance with 42 U.S.C. § 423(g)(2). In the event of such new legislation, that legislation will supercede this Order.[2]

Accordingly, we find that defendant's motion to remand is well-taken and is hereby granted. This case is remanded to the Secretary for further administrative proceedings and for the payment of continued benefits beginning May, 1984, if plaintiff so elects, consistent with this Order.

SO ORDERED.

---

**2.** This relief does not seem inconsistent with the injunctive relief granted in a state-wide action challenging the standard used by the Social Security Administration in termination cases. *Holden v. Heckler,* 384 F.Supp. 463 at 495 (N.D. Ohio 1984) (Aldrich, J.).