**UNITED STATES of America,**

v.

**Patrick KELLY, Defendant.**

**No. 99 CR. 0422(RWS).**

United States District Court,
S.D. New York.

Feb. 8, 2000.

Honorable Mary Jo White, United States Attorney for the Southern District of New York by Kevin S. Reed, Assistant U.S. Attorney, of Counsel, New York City, for United States of America.

Lisa Scolari by Tracy W. Young, Joyce London, New York City, for Defendant.

## OPINION

SWEET, District Judge.

Defendant Patrick Kelly ("Kelly") has moved for (i) an order dismissing the indictment for failure to provide a sufficient statement of the facts constituting the offense charged, pursuant to Rule 7(c)(1), and for violating the First Amendment; (ii) alternatively, an order requiring the

Government to provide Kelly with a bill of particulars; (iii) specification of bad acts evidence by the Government at least thirty days before trial, pursuant to Fed.R.Evid. 403 & 404(b) and Fed.R.Crim.P. 12(d)(2), and granting of a hearing on the admissibility of such evidence; (iv) specification of impeachment evidence and granting of a hearing thereon pursuant to Fed.R.Evid. 403, 608, & 609; (v) disclosure of *Brady, Giglio,* and *Bagley* exculpatory material; (vi) disclosure of contrary or inconsistent statements per *Kyles v. Whitley;* (vii) disclosure of witness lists, identity of informants, cooperating codefendants, and opportunity to interview same in preparation for trial per *Roviero* and *Saa;* and (viii) permission to bring additional motions if necessary for further discovery.

For the reasons set forth below, Kelly's motion will be denied.

### Background and Prior Proceedings

Kelly, a manager at Le Bar Bat, a Manhattan nightclub, is alleged to have publicly distributed fliers targeting four female ex-employees of Le Bar Bat, who had filed sexual discrimination and harassment claims against Kelly and others with the United States Equal Employment Opportunity Commission ("EEOC"). The fliers, which contain the women's pictures and addresses, falsely describe them as suspected prostitutes, child molesters, or drug dealers. Each flier was purportedly authored by a local "crime watch" group and states that "We want [the target] out of our neighborhood." The distribution took place on or about April 4, 1998, less than two weeks after Le Bar Bat was notified by the EEOC of the last of the women's claims. The fliers were placed near the women's homes and were mailed to their apartment buildings and to at least one woman's out-of-state parents.

On April 22, 1999, a Grand Jury sitting in the Southern District returned a one-count indictment against Kelly, charging him with a violation of 18 U.S.C. § 1512(b)(1). The instant motion was filed on November 2, 1999. Answer and reply papers were received through December 8, 1999, at which point oral argument on the motion was heard.

### Discussion

### I. Dismissal of the Indictment

Kelly has moved to dismiss the Indictment on two grounds: (i) the Indictment does not allege facts sufficient to satisfy the statutory elements of 18 U.S.C. § 1512(b); (ii) § 1512(b) is unconstitutional as applied to Kelly as violative of the First Amendment protection of speech.

The Indictment reads:

> On or about April 4, 1998, in the Southern District of New York and elsewhere, Patrick Kelly, the defendant, unlawfully, willfully and knowingly, did use intimidation, threaten, corruptly persuade another person and attempt to do so, and did engage in misleading conduct toward another person, with intent to influence, delay and prevent the testimony of a person in an official proceeding, to wit, Kelly publicly distributed flyers labeling four persons who had named Kelly in pending discrimination claims filed with the United States Equal Employment Opportunity Commission as, among other things, suspected prostitutes, child molesters and/or drug dealers. (Title 18, United States Code, § 1512(b)(1).)

18 U.S.C. § 1512 is the federal criminal statute prohibiting witness tampering. As the indictment indicates, Kelly is charged with violation of subsection (b), which reads, in pertinent part:

> Whoever knowingly uses intimidation or physical force, threatens, or corruptly persuades another person, or attempts to do so, or engages in misleading conduct toward another person, with intent to ... influence, delay, or prevent the testimony of any person in an official proceeding ... shall be fined under this title or imprisoned not more than ten years, or both.

18 U.S.C.A. § 1512(b) (West 1984 & Supp. 1999).

## A. Factual Sufficiency of the Indictment

The Second Circuit has set forth the standard for the sufficiency of an indictment as follows:

An indictment is sufficient when it charges a crime with sufficient precision to inform the defendant of the charges he must meet and with enough detail that he may plead double jeopardy in a future prosecution based on the same set of events.... [A]n indictment need do little more than to track the language of the statute charged and state the time and place (in approximate terms) of the alleged crime.

*United States v. Stavroulakis*, 952 F.2d 686, 693 (2d Cir.1992) (citations and internal quotation marks omitted).

■ There is no question that the language of the indictment in this case tracks that of 18 U.S.C. § 1512(b). Moreover, the indictment states the time and place of the alleged crime in sufficiently precise terms to inform Kelly of the charges he must meet. Kelly's motion, in essence, challenges the sufficiency of the indictment's factual allegations to establish a violation of § 1512(b) on the merits. However, "[i]t is axiomatic that, in a criminal case, a defendant may not challenge a facially valid Indictment prior to trial for insufficient evidence. Instead, a defendant must await a Rule 29 proceeding or the jury's verdict before he may argue evidentiary sufficiency." *United States v. Gambino*, 809 F.Supp. 1061, 1079 (S.D.N.Y. 1992); *see United States v. Calandra*, 414 U.S. 338, 345, 94 S.Ct. 613, 38 L.Ed.2d 561 (1974); *Costello v. United States*, 350 U.S. 359, 363, 76 S.Ct. 406, 100 L.Ed. 397 (1956); *United States v. Contreras*, 776 F.2d 51, 54 (2d Cir.1985).

## B. Constitutionality of 1512(b) As Applied

In *United States v. Thompson*, 76 F.3d 442 (2d Cir.1996), this Circuit rejected a First Amendment challenge to § 1512(b). While *Thompson* specifically addressed whether a conviction for "corrupt persuasion" would violate the First Amendment, the court indicated that the requirement that the improper act be done with the purpose of obstructing justice assured that the statute would not impinge on the territory of the First Amendment. *See id.* at 452.

■ Again, Kelly's motion is premature. As the Government points out, any conviction in this case will necessarily rest on a jury's finding that Kelly distributed the fliers with the intent to influence the testimony of the women in the EEOC proceeding. The requirement that the Government prove such intent safeguards against First Amendment concerns.

For these reasons, the motion to dismiss the indictment is denied.

## II. A Bill of Particulars Is Not Required

■ The grounds for provision of a bill of particulars pursuant to Federal Rule of Criminal Procedure 7(f) are well-settled: "Rule 7(f) ... permits the defendant to seek a bill of particulars in order to identify with sufficient particularity the nature of the charge pending against him, thereby enabling defendant [sic] to prepare for trial, to prevent surprise, and to interpose a plea of double jeopardy should he be prosecuted a second time for the same offense." *United States v. Bortnovsky*, 820 F.2d 572, 574 (2d Cir.1987). In order to obtain a bill of particulars, the defendant must show that the charges of the indictment are so general that they do not advise him of the specific acts of which he is accused. *See United States v. Torres*, 901 F.2d 205, 234 (2d Cir.1990); *United States v. Henry*, 861 F.Supp. 1190, 1197 (S.D.N.Y. 1994). The standard applied to the information sought is not whether it is helpful to the defense, but whether it is necessary. *See United States v. Love*, 859 F.Supp. 725, 738 (S.D.N.Y.1994); *Henry*, 861 F.Supp. at 1197. A bill of particulars is not required where the information sought

by the defendant has been made available in alternative forms. *See Bortnovsky,* 820 F.2d at 574; *United States v. Panza,* 750 F.2d 1141, 1148 (2d Cir.1984); *Love,* 859 F.Supp. at 738; *United States v. Ruiz,* 702 F.Supp. 1066, 1070 (S.D.N.Y.1989). A bill of particulars will not be issued if it would "force the Government to particularize all of its evidence." *Henry,* 861 F.Supp. at 1197 (*quoting United States v. Cephas,* 937 F.2d 816, 823 (2d Cir.1991)). Nor may the request be permitted to compel the Government to disclose the manner in which it will prove the charges or preview its evidence or legal theory. *See id.; United States v. Facciolo,* 753 F.Supp. 449, 451 (S.D.N.Y.1990), *aff'd,* 968 F.2d 242 (2d Cir. 1992). The decision to grant or deny a defendant's request for a bill of particulars is within the sound discretion of the trial court. *Panza,* 750 F.2d at 1148.

■ Under this standard, Kelly's request for a bill of particulars lacks merit. The Government has provided Kelly with notice of the specific acts under which he has been charged: the distribution of the flyers on or about April 4, 1998, in order to intimidate witnesses in the EEOC Proceeding. In addition, copies of the flyers were attached to the criminal complaint. This satisfies the requirements of Fed. R.Crim.P. 7(f).

### III. *Disclosure of 404(b) Evidence*

Kelly also moves for disclosure at least thirty days before trial of evidence of all other crimes, wrongs, or acts that the Government intends to introduce at trial, pursuant to Federal Rule of Evidence 404(b). Rule 404(b) requires that the Government provide "reasonable notice in advance of trial, or during trial if the court excuses pretrial notice on good cause shown, of the general nature of any such evidence it intends to introduce at trial." Fed.R.Evid. 404(b). The Government responds that it will provide 404(b) material two weeks prior to commencement of trial, reserving the right to provide notice during trial in the event new 404(b) material arises and the

Court excuses pretrial notice on good cause shown. As this Court has previously indicated, the Government's proposal is reasonable and fair. *See United States v. Santos,* No. 98 Cr. 736 (RWS), 1999 WL 4912, at *7 (S.D.N.Y. Jan. 5, 1999).

### IV. *Impeachment Material Is Not Required To Be Disclosed*

Kelly seeks disclosure of impeachment materials thirty days before trial and a hearing on admissibility of such materials. The Government responds that it has already provided Kelly with a copy of his rap sheet, and that further disclosure is not warranted under Fed.R.Evid. 608 and 609.

■ In contrast to the general requirement of advance notice for Rule 404(b) material, the only material under Rules 608 and 609 which requires advance notice is evidence of criminal convictions more than ten years old. *See* Fed.R.Evid. 609(b). By providing Kelly with a copy of his rap sheet, the Government insures that it has fulfilled this requirement. Further disclosure not being required by the rules, the request is denied. *See, e.g.,United States v. Guevara,* No. 99 Cr. 445(AGS), 1999 WL 639720, at *2 (S.D.N.Y. Aug. 23, 1999).

### V. *Brady Material*

Kelly seeks disclosure of *Brady* material as soon as it is discovered by the Government, and disclosure of *Giglio* material at least thirty days prior to trial. The Government responds that it is aware of its obligations to provide exculpatory material sufficiently in advance of trial to permit the defense to use it effectively.

Courts in this Circuit have repeatedly denied pretrial requests for discovery orders pursuant to *Brady* where the Government, as here, has made a good-faith representation to the Court and defense counsel that it recognizes and will comply with its disclosure obligations under *Brady. See, e.g., United States v. Perez,* 940

F.Supp. 540, 553 (S.D.N.Y.1996); *United States v. Schwimmer*, 649 F.Supp. 544, 549 (E.D.N.Y.1986); *United States v. Massino*, 605 F.Supp. 1565, 1581 (S.D.N.Y.1985), *rev'd on other grounds*, 784 F.2d 153 (2d Cir.1986). The Court has been given no reason to believe that the Government will not comply with those obligations.

Defendants have also moved to require disclosure of *Brady* material of an impeachment nature, i.e., *Giglio* material, at least thirty days prior to trial. *Brady*, however, establishes no general right of pretrial discovery and gives rise to no pretrial remedies. See *Weatherford*, 429 U.S. at 559, 97 S.Ct. 837; *United States v. Evanchik*, 413 F.2d 950, 953 (2d Cir.1969). "Neither *Brady* nor any other case ... requires that disclosures under *Brady* must be made before trial." *United States ex rel. Lucas v. Regan*, 503 F.2d 1, 3 n. 1 (2d Cir.1974); *United States v. Matos-Peralta*, 691 F.Supp. 780, 790–91 (S.D.N.Y. 1988).

■ Due process requires only that a defendant receive such information before it is too late for him to make beneficial use of it at trial. *United States v. Olson*, 697 F.2d 273, 275 (8th Cir.1983); *United States v. Shoher*, 555 F.Supp. 346, 352 (S.D.N.Y. 1983) (accused to receive *Brady* material in time "to permit effective 'evaluation, preparation, and presentation at trial'") (*quoting United States v. Deutsch*, 373 F.Supp. 289, 290 (S.D.N.Y.1974)). Accordingly, *Brady* "impeachment" information is properly disclosed when the witness is called to testify at trial. *See United States v. Higgs*, 713 F.2d 39, 44 (3d Cir.1983) (evidence going to the credibility of government's witness may be disclosed on day witness testifies); *United States v. Biaggi*, 675 F.Supp. 790, 812 (S.D.N.Y.1987) (*Brady* information bearing on witness credibility to be turned over at same time as other 18 U.S.C. § 3500 materials); *United States v. Abrams*, 539 F.Supp. 378, 390 (S.D.N.Y.1982) (*Brady* does not require the Government to disclose information

pertaining to the credibility of a witness before that witness testifies).

Following the usual practice in this District, the Government has agreed to make impeachment information available to the defense at the same time as Jencks Act material, i.e., "one day prior to the day the witness is called to testify on direct examination," or, if additional time is reasonably required to review such material, sufficiently in advance of the witness' testimony so as to avoid any delay at trial. *United States v. Gutierrez–Flores*, No. 94 Cr. 393(CSH), 1994 WL 558034, at *3 (S.D.N.Y. Oct. 11, 1994). This practice will allow defense counsel adequate time to prepare for cross-examination of government witnesses as they testify at trial.

The Court accepts the Government's representation that it will provide timely disclosure if any *Brady* material comes to light. For these reasons, the motion to compel disclosure of *Brady* material is denied.

## VI. *Production of Inconsistent Witness Statements*

Kelly seeks production of inconsistent witness statements pursuant to *Kyles v. Whitley*, 514 U.S. 419, 115 S.Ct. 1555, 131 L.Ed.2d 490 (1995). The Government responds that it will abide by its Jencks Act obligations and will produce all prior statements of its witnesses. The Government also represents that if it becomes aware of parties that it does not intend to call as witnesses who possess exculpatory information, it will disclose the identity of such parties.

Given the Government's representations, it is unnecessary to compel disclosure at this time.

## VII. *Disclosure of Identities of Witnesses and Informants*

Kelly seeks disclosure of a list of witnesses the Government plans to call at trial, given the serious nature of the charges against Mr. Kelly. Kelly also

seeks disclosure of the names, addresses, and criminal histories of any informants on whom the Government is relying.

 This Circuit has previously declared that in determining whether disclosure of a witness list is appropriate, the defendant's specific need for the information "should be balanced against the 'possible dangers accompanying disclosure (i.e. subornation of perjury, witness intimidation, and injury to witnesses).' " *United States v. Cafaro,* 480 F.Supp. 511, 520 (S.D.N.Y.1979) (*quoting United States v. Cannone,* 528 F.2d 296, 302 (2d Cir.1975)). "[A]bsent 'some particularized showing of need,' the defendant is not entitled to lists of government witnesses...." *United States v. Wilson,* 565 F.Supp. 1416, 1438 (S.D.N.Y.1983) (*quoting United States v. Pastor,* 419 F.Supp. 1318, 1330 (S.D.N.Y. 1975), *aff'd* 557 F.2d 930 (2d Cir.1977)). "[A]n abstract, conclusory claim that such disclosure [is] necessary," *Cannone,* 528 F.2d at 301–02, such as Kelly makes in this motion, is simply not sufficient to make the requisite showing.

As to informants, this Circuit has held that "disclosure of the identity or address of a confidential informant is not required unless the informant's testimony is shown to be material to the defense." *United States v. Saa,* 859 F.2d 1067 (2d Cir.1988). Again, Kelly has made no such showing.

### Conclusion

For the reasons set forth above, Kelly's motion is denied. The trial date of March 20, 2000 is final.

It is so ordered.