101 Cal.Rptr.2d 156 (2000)
84 Cal.App.4th 767
CITY OF LOS ANGELES, Petitioner,
v.
The SUPERIOR COURT of Los Angeles County, Respondent;
Jeremy Brandon, Real Party in Interest.
No. B143088.
Court of Appeal, Second District, Division Three.
November 2, 2000.
Review Granted January 17, 2001.
*158 James K. Hahn, City Attorney, Cecil W. Marr, Senior Assistant City Attorney and Julie S. Raffish, Deputy City Attorney for Petitioner.
No appearance by Respondent.
Richard Leonard, for Real Party in Interest.
Michael P. Judge, Public Defender, Albert J. Menaster and Mark Harvis, Deputy Public Defenders as Amici Curiae.
*157 CROSKEY, J.
Evidence Code section 1045, subdivision (b)(1), prohibits a court from ordering the disclosure of information concerning a complaint against a police officer arising from conduct that occurred more than five years before the incident that is the subject of the pending litigation. The superior court in this case ordered the disclosure of information from a ten-year-old complaint against a police officer despite the statutory prohibition. Petitioner City of Los Angeles contends the order was error and seeks writ relief.
A state law that conflicts with a criminal defendant's rights under the federal Constitution must yield to those constitutional rights. The supremacy clauses in the federal and state Constitutions (U.S. Const., art. VI, cl. 2; Cal. Const., art. III, § 1) require that result. We conclude that the disclosure ordered in this case is required to protect the defendant's Fourteenth Amendment due process right to a fair trial and that the city has not shown error.

FACTUAL AND PROCEDURAL BACKGROUND
Two city police officers arrested defendant Brandon in February 2000 for allegedly committing a lewd act upon a child. The officers were responding to a call from the child's mother who reported that the child had complained that defendant Brandon, a neighbor of theirs in a residential hotel, had confronted the child outside of their common bathroom and fondled him. One of the arresting officers interviewed the child on the scene, apparently in the presence of the other officer, and the child repeated the allegation.
An information filed in March 2000 charged defendant Brandon with a forcible lewd act upon a child under the age of 14 (Pen.Code, § 288, subd. (b)(1)) and failure to register as a convicted sex offender relating to an incident eight years earlier (Pen.Code, § 290, subd. (g)(2)), with enhancements for prior convictions. The prosecutor later withdrew the allegation that the act was forcible (see Pen.Code § 288, subd. (a)).
Defendant Brandon moved for pretrial discovery in June 2000 against both the police department and the district attorney, requesting disclosure of the names, addresses, and telephone numbers of all persons who had filed complaints with or were interviewed by the police department concerning alleged misconduct by the two arresting officers reflecting on their honesty or truthfulness, and of certain related documents. He argued that he was entitled to the discovery under Pitchess v. Superior Court (1974) 11 Cal.3d 531, 113 Cal.Rptr. 897, 522 P.2d 305, Evidence Code section 1043, and Brady v. Maryland (1963) 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215. The motion was unopposed, and the police department produced the documents for an in camera inspection by the trial court in July 2000, two months before the scheduled trial date in September 2000.
Among the documents was a complaint against one of the officers concerning an incident in 1996 in which the officer allegedly *159 had failed to report the beating of a prisoner in his presence by another officer. The 1996 complaint also referred to a prior complaint involving an incident in 1990 in which the officer allegedly had unjustifiably sprayed mace in someone's face and failed to report the incident. An internal police department investigation had determined in each case that the allegations were true despite the officer's denials and that the officer had engaged in serious misconduct. The court ordered the police department to disclose the names, addresses, and telephone numbers of the complainants and witnesses relating to the two complaints and to provide a brief summary of the incidents.
The city moved for reconsideration of the order as to the information concerning the 1990 complaint, contending the five-year rule of Evidence Code section 1045, subdivision (b)(1), precluded the discovery of that information. The defendant opposed the motion on the ground that the prosecutor's obligation to disclose evidence favorable to the defendant under the Fourteenth Amendment's due process clause, as articulated in Brady v. Maryland, supra, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 and its progeny, supersedes the five-year limitation of Evidence Code section 1045. The court denied reconsideration in July 2000, and the city petitioned this court for writ relief. We issued an order to show cause and a stay of the enforcement of the disclosure order.

CONTENTIONS
Both parties agree that the five-year rule of Evidence Code section 1045, subdivision (b)(1), would prohibit the court from ordering the disclosure of information concerning the 1990 complaint. The issue presented is whether due process requires that the information be disclosed despite the statute. The city contends the five-year rule is reasonable and therefore does not violate due process. Defendant Brandon contends the requested information is material for purposes of impeachment of a prosecution witness and to prohibit disclosure would violate his due process right to a fair trial under the Fourteenth Amendment.
The city also contends that even if defendant Brandon is entitled to disclosure of information concerning the 1990 complaint, the prosecutor and not the city bears that obligation and the court has no authority to order disclosure by the city.

DISCUSSION

1. Evidence Code Section 1045

Penal Code section 832.7, subdivision (a), declares that the personnel records of a peace officer are confidential and shall not be disclosed except as provided under Evidence Code sections 1043 and 1046,[1] or for certain purposes that are not applicable here (Pen.Code, § 832.7, subd. (d)). Confidential personnel records include records concerning a complaint against a police officer. (Pen.Code, §§ 830.1, subd. (a), 832.8, subd. (e).)
Evidence Code section 1043[2] provides that the party seeking disclosure must file a written motion describing the records or *160 information sought and an affidavit showing good cause for the disclosure.[3] Evidence Code section 1045, subdivision (b),[4] provides that the trial court must examine in camera the documents produced by the agency to determine their relevance and must exclude from disclosure "information consisting of complaints concerning conduct occurring more than five years before the event or transaction which is the subject of the litigation in aid of which discovery or disclosure is sought." Evidence Code section 1045, subdivision (c), states that in determining relevance the court also must consider whether the information sought may be obtained from other records maintained by the agency that would not require the disclosure of personnel records. These provisions generally codified a procedure that had become known as a Pitchess motion after Pitchess v. Superior Court (1974) 11 Cal.3d 531, 113 Cal.Rptr. 897, 522 P.2d 305, in which the Supreme Court held in the absence of statutory authority that the trial court had the discretion to compel the discovery of records concerning complaints against deputy sheriffs. (Id. at pp. 535-538, 113 Cal.Rptr. 897, 522 P.2d 305; see City of San Jose v. Superior Court (1993) 5 Cal.4th 47, 50-52, 19 Cal.Rptr.2d 73, 850 P.2d 621.)
*161 Evidence Code section 1045, subdivision (b)(1), thus establishes a per se rule precluding the disclosure of information concerning complaints against a police officer if the complaints concern conduct that occurred more than five years before the incident that is the subject of the pending litigation.

2. The Prosecutor's Duty to Disclose Evidence Favorable to the Defendant

A prosecutor has an obligation to disclose to the defendant evidence favorable to the defendant and material to the issue of guilt or punishment. (Strickler v. Greene (1999) 527 U.S. 263, 280-282, 119 S.Ct. 1936, 144 L.Ed.2d 286; Brady v. Maryland, supra, 373 U.S. 83, 87, 83 S.Ct. 1194, 10 L.Ed.2d 215.) Disclosure is necessary to protect the defendant's right to present a complete defense. (California v. Trombetta (1983) 467 U.S. 479, 485, 104 S.Ct. 2528, 81 L.Ed.2d 413.) The failure to disclose favorable evidence would deprive the jury of the opportunity to consider all material evidence, offend our standards of justice, and deny the defendant a fair trial in violation of the due process clause of the Fourteenth Amendment. (Brady, at pp. 87-88, 83 S.Ct. 1194.) The prosecutor's disclosure obligation arises even if the defendant has not requested disclosure. (Strickler, at p. 280, 119 S.Ct. 1936; United States v. Agurs (1976) 427 U.S. 97, 107, 96 S.Ct. 2392, 49 L.Ed.2d 342; Izazaga v. Superior Court (1991) 54 Cal.3d 356, 378, 285 Cal.Rptr. 231, 815 P.2d 304.)
Evidence is material for purposes of the disclosure obligation if there is a reasonable probability that its disclosure would have produced a different verdict or punishment. (Strickler v. Greene, supra, 527 U.S. at pp. 280-281, 119 S.Ct. 1936; United States v. Bagley (1985) 473 U.S. 667, 682, 105 S.Ct. 3375, 87 L.Ed.2d 481.) "A `reasonable probability' is a probability sufficient to undermine confidence in the outcome." (Bagley, at p. 682, 105 S.Ct. 3375; see Kyles v. Whitley (1995) 514 U.S. 419, 434, 115 S.Ct. 1555, 131 L.Ed.2d 490.) The disclosure obligation encompasses both exculpatory and impeachment evidence (Bagley, at p. 676, 105 S.Ct. 3375) and includes not only information known to the prosecutor but also extends to information known only to persons acting on behalf of the prosecutor, such as police investigators.[5] (Strickler, at pp. 280-281, 119 S.Ct. 1936; Kyles, at p. 437, 115 S.Ct. 1555; In re Brown (1998) 17 Cal.4th 873, 879, 72 Cal.Rptr.2d 698, 952 P.2d 715.) The prosecutor therefore has a nondelegable duty to learn of any evidence favorable to the defendant that is known to others acting on the government's behalf, including the police. (Strickler, at p. 281, 119 S.Ct. 1936; Kyles, at pp. 437-438, 115 S.Ct. 1555; Brown, at p. 881, 72 Cal. Rptr.2d 698, 952 P.2d 715.)
Penal Code section 832.7, subdivision (a), prohibits any person, including a prosecutor, from disclosing information concerning a complaint against a police officer unless the disclosure is pursuant to a motion and in camera hearing under Evidence Code sections 1043 and 1045. Evidence Code section 1045 prohibits a court from disclosing information concerning a complaint against a police officer involving conduct that occurred more than five years before the incident that is the subject of the criminal prosecution. These statutes thereby ostensibly relieve the prosecutor of the duty to disclose material information concerning a complaint against a police officer involving conduct that occurred more than five years before the incident that is the subject of the criminal prosecution and prohibit the court from ordering *162 the disclosure of that information at anytime.

3. The Timing of the Prosecutor's Required Disclosure

United States Supreme Court opinions describe the prosecutor's disclosure obligation as an obligation arising before verdict or punishment but explain the materiality standard in terms of the effect on the outcome viewed retrospectively, as described above. (See, e.g., Strickler v. Greene, supra, 527 U.S. at pp. 280-281, 119 S.Ct. 1936; United States v. Bagley, supra, 473 U.S. at p. 682, 105 S.Ct. 3375.) The Supreme Court has addressed the issue only in cases arising after a conviction where the favorable evidence was not disclosed before the verdict (see, e.g., Strickler, at p. 265, 119 S.Ct. 1936; Kyles v. Whitley, supra, 514 U.S. at pp. 421-422, 115 S.Ct. 1555; Bagley, at pp. 678, 682-683, 105 S.Ct. 3375; United States v. Agurs, supra, 427 U.S. at p. 103, 96 S.Ct. 2392); it has never determined at what time before the verdict is rendered favorable evidence must be disclosed to the defendant. (See United States v. Beckford (E.D.Va.1997) 962 F.Supp. 780, 785; Annot, Constitutional Duty of Federal Prosecutor to Disclose Brady Evidence Favorable to Accused, (1999) 158 A.L.R.Fed. 401, 431, § 2(a).) Thus, Brady and its progeny do not expressly address the issue of pretrial discovery.
The Supreme Court has noted that Brady and its progeny do not create a general constitutional right to discovery. (Weatherford v. Bursey (1977) 429 U.S. 545, 559, 97 S.Ct. 837, 51 L.Ed.2d 30 ["There is no general constitutional right to discovery in a criminal case, and Brady did not create one"]; see United States v. Agurs, supra, 427 U.S. at p. 113, fn. 20, 96 S.Ct. 2392 [stating that the materiality standard turns on the importance of the undisclosed evidence to the issues of guilt and punishment, not the impact on the defendant's ability to prepare for trial].) Although the Supreme Court has never held that evidence favorable to the defendant must be disclosed before trial, it has stated in dictum that the disclosure obligation may arise before trial. (United States v. Agurs, supra, 427 U.S. at pp. 106-108, 96 S.Ct. 2392.)
Several federal circuit and district courts have stated that to ensure the right to fair trial under Brady, favorable evidence must be disclosed in sufficient time to allow the defendant to make effective use of it at trial, so that its earlier disclosure would not have affected the verdict or punishment. (See, e.g., United States v. Vgeri (9th Cir.1995) 51 F.3d 876, 880; United States v. Ingraldi (1st Cir.1986) 793 F.2d 408, 411-412; United States v. Beckford, supra, 962 F.Supp. at pp. 785-786; 5 LaFave et al., Criminal Procedure (2d ed.1999) § 24.3(b), pp. 487-488; Pipes & Gagen, California Criminal Discovery (2d ed.1999) § 1:48, pp. 91-92.) Some courts have stated that disclosure at any time during trial is sufficient as a matter of law because the defendant can seek a continuance if necessary (see, e.g., Madsen v. Dormire (8th Cir.1998) 137 F.3d 602, 605; United States v. Higgins (7th Cir. 1996) 75 F.3d 332, 335; United States v. Kelly (S.D.N.Y.2000) 91 F.Supp.2d 580, 584-585), and some have stated that Brady therefore creates no right to pretrial discovery (see, e.g., Higgins, at p. 335; Kelly, at p. 585). Other courts have concluded that disclosure at trial does not necessarily satisfy the disclosure obligation in all circumstances, stating that the time needed to make effective use of evidence at trial depends on the nature of the evidence and the particular circumstances of the case (see, e.g., Grant v. Alldredge (2d Cir.1974) 498 F.2d 376, 382, fn. 7; United States v. Beckford supra, 962 F.Supp. at pp. 788-789) and that a trial court has the discretion to determine when favorable evidence must be disclosed in order to protect the defendant's right to a fair trial (see, e.g., United States v. Starusko (3d Cir.1984) 729 F.2d 256, 261).
*163 The city acknowledges that favorable evidence must be disclosed in sufficient time to allow the defendant to make effective use of it at trial and does not challenge the timing of the compelled disclosure in this case, so we need not decide the issue.[6]

4. The Constitutionality of Evidence Code Section 10-5 as Applied

a. The Balancing Test

A criminal defendant's right to present relevant evidence to the jury is fundamental, but is not absolute. The right is subject to reasonable restrictions in the furtherance of "other legitimate interests of the criminal trial process." (United States v. Scheffer (1998) 523 U.S. 303, 308, 118 S.Ct. 1261, 140 L.Ed.2d 413; Rock v. Arkansas (1987) 483 U.S. 44, 55, 107 S.Ct. 2704, 97 L.Ed.2d 37; Chambers v. Mississippi (1973) 410 U.S. 284, 295, 93 S.Ct. 1038, 35 L.Ed.2d 297.) State laws that exclude evidence from criminal trials do not violate a defendant's right to present a complete defense as long as they are not "arbitrary" or "disproportionate to the purposes they are designed to serve." (Scheffer, at p. 308, 118 S.Ct. 1261; Rock, at p. 56,107 S.Ct. 2704.)
A rule is arbitrary or disproportionate if it bears no reasonable relation to the legitimate purposes it is designed to serve, or if those purposes are outweighed by the degree to which it infringes the defendant's right to present a defense. (Rock v. Arkansas, supra, 483 U.S. at pp. 55-56, 107 S.Ct. 2704; Chambers v. Mississippi supra, 410 U.S. at p. 302, 93 S.Ct. 1038.) The determination of whether a rule is arbitrary or disproportionate in this context depends on the effect of the rule as applied to the particular facts and circumstances of the case. (Rock, at pp. 61-62, 107 S.Ct. 2704; Chambers, at pp. 302-303, 93 S.Ct. 1038.) Accordingly, a court confronted with a state law that infringes the constitutional rights of a criminal defendant must balance the legitimate interests served by the state law against the fundamental rights of the defendant in light of the particular facts and circumstances of the case.
Chambers v. Mississippi, supra, 410 U.S. 284, 93 S.Ct. 1038, 35 L.Ed.2d 297, involved a Mississippi trial court's application of the state's common law "voucher" rule that a party may not impeach his or her own witness and its hearsay rule that disallowed any hearsay exception for a statement against the declarant's penal interest. (Id. at pp. 295, 299, 93 S.Ct. 1038.) A jury convicted the defendant of murdering a police officer after the court prevented the defendant from cross-examining a witness who previously had confessed to the crime and excluded the testimony of three other witnesses to whom the witness had confessed. (Id. at pp. 291-293, 93 S.Ct. 1038.)
The Supreme Court in Chambers stated that the right to cross-examine is implicit in the constitutional right of confrontation and essential to a fair trial, and that the right is not absolute, but must "accommodate other legitimate interests in the criminal trial process." (Chambers v. Mississippi supra, 410 U.S. at p. 295, 93 S.Ct. 1038.) It stated that a court must closely examine those legitimate interests if the state law would result in the denial or significant diminution of the right to cross-examine. (Ibid.) With respect to the hearsay rule, it noted that the purpose of the rule is to exclude unreliable and untrustworthy evidence. (Id. at p. 298, 93 S.Ct. 1038.) It stated that in circumstances where evidence does not satisfy a hearsay exception recognized under state law but nevertheless bears "persuasive assurances of trustworthiness," the hearsay rule "may not be applied mechanistically to defeat *164 the ends of justice." (Id. at p. 302, 93 S.Ct. 1038.) The court concluded that the excluded evidence was sufficiently reliable and critical to the defense (id. at pp. 296-297, 302, 93 S.Ct. 1038), and held that, as applied to the facts of the case, the voucher rule and hearsay rule cumulatively deprived the defendant of his right to a fair trial under the Fourteenth Amendment due process clause. (Id. at pp. 285, 302-303, 93 S.Ct. 1038.)
Rock v. Arkansas, supra, 483 U.S. 44, 107 S.Ct. 2704, 97 L.Ed.2d 37, involved a challenge to Arkansas's per se rule excluding testimony refreshed by hypnosis. (Id. at p. 49, 107 S.Ct. 2704.) A jury convicted the defendant of manslaughter in the death of her husband after the court prevented her from testifying as to facts supporting a claim of self-defense because she had recalled those facts only after undergoing hypnosis. (Id. at pp. 47-48, 107 S.Ct. 2704.)
The Supreme Court in Rock stated that a criminal defendant's right to testify in her own defense is based on the Fourteenth Amendment due process clause, the Sixth Amendment compulsory process clause, and the Fifth Amendment privilege against self-incrimination. (Rock v. Arkansas, supra, 483 U.S. at pp. 51-53, 107 S.Ct. 2704.) It stated that the right to prevent relevant testimony is not absolute, but must "accommodate other legitimate interests in the criminal trial process." (Id. at p. 55, 107 S.Ct. 2704, quoting Chambers v. Mississippi supra, 410 U.S. at p. 295, 93 S.Ct. 1038.) "But restrictions of a defendant's right to testify may not be arbitrary or disproportionate to the purposes they are designed to serve. In applying its evidentiary rules a State must evaluate whether the interests served by a rule justify the limitation imposed on the defendant's constitutional right to testify." (Rock v. Arkansas, supra, 483 U.S. at pp. 55-56, 107 S.Ct. 2704.)
The Rock court acknowledged that the reliability of hypnosis-refreshed testimony generally is uncertain, but stated that certain corroborating evidence, procedural safeguards, and the circumstances of the hypnosis in that case may have supported the reliability of the excluded testimony. (Rock v. Arkansas, supra, 483 U.S. at pp. 61-62, 107 S.Ct. 2704.) "A State's legitimate interest in barring unreliable evidence does not extend to per se exclusions [of evidence] that may be reliable in an individual case." (Id. at p. 61, 107 S.Ct. 2704.) The court concluded that the exclusion had significantly impaired the defense (id. at p. 57, 107 S.Ct. 2704) and held that it was error for the trial court to apply the state's per se evidentiary rule without determining whether, as applied to the facts of the case, the legitimate interests served by the rule justified the infringement of the defendant's constitutional right to present evidence in her defense. (Id. at p. 62,107 S.Ct. 2704.)
The rule that we discern from these cases is that when a state law infringes the constitutional rights of a criminal defendant, a court must balance the legitimate interests served by the state law against the fundamental rights of the defendant in light of the particular facts and circumstances of the case.[7]

*165 b. The Lemas Opinion

We disagree with City and County of San Francisco v. Superior Court (1981) 125 Cal.App.3d 879, 883-884, 178 Cal.Rptr. 435 (Lemas), in which the court held that Evidence Code section 1045, subdivision (b)(1), does not violate the Fourteenth Amendment due process clause because it is "procedurally fair and reasonably related to a proper legislative goal." That deferential standard of review, however, applies to legislation only if the legislation does not affect a fundamental right or create a suspect classification. (Dallas v. Stanglin (1989) 490 U.S. 19, 23, 109 S.Ct. 1591, 104 L.Ed.2d 18; see 2 Rotunda & Nowak, Treatise on Constitutional Law, supra, § 15.4, pp. 608-609.) The court in Lemas did not cite any valid authority for or adequately explain its conclusion that a court must defer to the Legislature's balancing of competing interests, as reflected in a per se evidentiary rule, without regard to the extent to which the rule as applied in a particular case infringes on a criminal defendant's constitutional right to a fair trial.[8]

c. Application of the Balancing Test

The five-year rule of Evidence Code section 1045, subdivision (b)(1), serves the purposes of ensuring that only relevant evidence is introduced at trial and protecting the police officer's interest in the confidentiality of his or her personnel records. (See City of Santa Cruz v. Municipal Court, supra, 49 Cal.3d at p. 84, 260 Cal. Rptr. 520, 776 P.2d 222.) The rule apparently is based on the assumption that complaints concerning conduct that occurred more than five years before the incident that is the subject of the criminal prosecution are not relevant to the pending litigation.
That assumption may be unjustified in some cases. A police officer's misconduct five years earlier may have some probative value as to the officer's later conduct in similar circumstances. In particular, prior acts of dishonesty may be probative of a person's honesty or veracity at the present time, even after five years. Such evidence ordinarily is admissible to impeach a witness in a criminal trial unless its probative value is substantially outweighed by the probability of prejudice under Evidence *166 Code section 352. (Cal. Const., art. I, § 28(d); People v. Wheeler (1992) 4 Cal.4th 284, 292, 14 Cal.Rptr.2d 418, 841 P.2d 938.) The trial court here determined that information from the 1990 complaint is material for purposes of impeachment, and the city does not challenge that finding. As applied to the facts of this case, therefore, the five-year rule does not serve the purpose of excluding irrelevant evidence.
A police officer has a legitimate interest in the confidentiality of his or her personnel records, including records relating to complaints of misconduct. (Pen. Code, § 832.7, subd. (a).) Although the Legislature has declared a police officer's personnel records confidential (ibid.), a court must determine the weight of the police officer's confidentiality interest based on factors such as the nature of the information contained in the records and the extent to which the confidentiality of that information has been maintained. (Cf. Delaney v. Superior Court, supra, 50 Cal.3d at pp. 810-812, 268 Cal.Rptr. 753, 789 P.2d 934 [stating that a court must consider the extent to which the requested information is confidential or sensitive in balancing competing interests with respect to the newsperson's shield law].)
A criminal defendant's constitutional right to a fair trial, including the right to present a complete defense, is fundamental to our system of justice. (California v. Trombetta, supra, 467 U.S. at p. 485, 104 S.Ct. 2528.) The weight of the defendant's interest with respect to particular evidence in a case depends on the importance of that evidence to the issues of guilt and punishment. (United States v. Scheffer, supra, 523 U.S. at pp. 315-317, 118 S.Ct. 1261 [concluding that the exclusion of polygraph evidence did not significantly impair the defense]; Rock v. Arkansas, supra, 483 U.S. at p. 57, 107 S.Ct. 2704 [stating that the exclusion of testimony "had a significant adverse effect" on the defense]; Chambers v. Mississippi supra, 410 U.S. at p. 295, 93 S.Ct. 1038 [stating that the excluded testimony "was critical to Chambers' defense"]; cf. Delaney v. Superior Court, supra, 50 Cal.3d at p. 811, 268 Cal.Rptr. 753, 789 P.2d 934 [stating that the greater the importance of the information to the defendant's case, the more the balance of conflicting interests weighs in favor of disclosure].) The city here has not even attempted to show that the police officer's testimony will be relatively unimportant to the issues of guilt and punishment or that the requested information is unimportant for purposes of impeachment. The city therefore has not shown that defendant Brandon's interest in a fair trial with respect to the requested information is insignificant or mitigated in any way. We conclude that the defendant's interest is weighty.
Evidence Code section 1045, subdivision (b)(1), does not serve the interest of excluding relevant evidence as applied to the facts of this case, as discussed above, and the city has not shown that the police officer's confidentiality interest is so substantial as to justify the infringement of defendant Brandon's constitutional right to a fair trial in this case. Our review of the records supports the trial court's implied finding that the police officer's confidentiality interest does not outweigh defendant Brandon's interests in this case. We therefore conclude that the trial court properly weighed defendant Brandon's interests against the interests served by the statute and determined that the defendant's interests outweigh the interests served by the statute under the facts of this case and that to enforce the five-year limitation of Evidence Code section 1045, subdivision (b)(1), would unduly infringe the defendant's right to a fair trial.
The city's attempt to distinguish the trial court's authority to enforce the prosecutor's obligation, under Brady and its progeny, to disclose material evidence favorable to the defendant from its authority to order disclosure by the police department on a motion under Evidence *167 Code section 1043 is unavailing. Since the police department is the custodian of the records in question, the trial court's order that the police department disclose the records is appropriate. The city has not shown error.

d. The Police Department's Obligation to Produce Documents for In Camera Inspection

Finally, the public defender contends the police department ordinarily does not produce for in camera inspection complaints that are over five years old on the ground that Evidence Code section 1045, subdivision (b)(1), prohibits the court from ordering their disclosure. He urges us to declare the five-year rule facially unconstitutional to the extent that it prevents the prosecutor from learning of and disclosing material evidence favorable to the defendant through the in camera procedure. We decline to do so.
The import of our decision that the per se rule of Evidence Code section 1045, subdivision (b)(1), precluding the disclosure of information concerning complaints that are over five years old cannot be applied per se is that a police department cannot withhold complaints that are over five years old from in camera inspection on the ground that the court cannot order their disclosure. Rather, the police department must produce for inspection by the court all of the records or information described in the motion under Evidence Code section 1043 without limitation as to time. If there is any information concerning complaints that are over five years old, the court must determine whether the information is favorable to the defendant for purposes of impeachment and material to the issue of guilt or punishment, and if so it must determine whether the defendant's right to a fair trial outweighs the interests served by the five-year rule of Evidence Code section 1045, subdivision (b)(1) (i.e., the exclusion of irrelevant evidence and protecting the police officer's confidentiality interest in his or her personnel records), as applied to the facts of the case. Evidence that is material to the issue of guilt or punishment under Brady and its progeny (see ante, at pp. 161-162) is relevant as a matter of law, so that to exclude the information from disclosure would not serve the purposes of the statute; and the defendant's fundamental right to a fair trial ordinarily outweighs the police officer's interest in the confidentiality of his or her personnel records, so that such material information ordinarily must be disclosed.

DISPOSITION
The petition for writ of mandate is denied. The order to show cause issued on July 31, 2000, is discharged. The stay order heretofore issued shall be lifted on the date of the issuance of the remittitur herein. Defendant Brandon shall recover his costs in this proceeding.
KLEIN, P.J., and ALDRICH, J., concur.
NOTES
[1] Evidence Code section 1046 states that when the party seeking disclosure is alleging excessive force by a peace officer in connection with his or her arrest, the motion must include a copy of the police report of the arrest. That section is inapplicable here.
[2] Evidence Code section 1043 states, "(a) In any case in which discovery or disclosure is sought of peace officer personnel records or records maintained pursuant to Section 832.5 of the Penal Code or information from those records, the party seeking the discovery or disclosure shall file a written motion with the appropriate court or administrative body upon written notice to the governmental agency which has custody and control of the records. The written notice shall be given at the times prescribed by subdivision (b) of Section 1005 of the Code of Civil Procedure. Upon receipt of the notice the governmental agency served shall immediately notify the individual whose records are sought.

"(b) The motion shall include all of the following: [11] (1) Identification of the proceeding in which discovery or disclosure is sought, the party seeking discovery or disclosure, the peace officer whose records are sought, the governmental agency which has custody and control of the records, and the time and place at which the motion for discovery or disclosure shall be heard. [¶] (2) A description of the type of records or information sought. [¶] (3) Affidavits showing good cause for the discovery or disclosure sought, setting forth the materiality thereof to the subject matter involved in the pending litigation and stating upon reasonable belief that the governmental agency identified has the records or information from the records.
"(c) No hearing upon a motion for discovery or disclosure shall be held without full compliance with the notice provisions of this section except upon a showing by the moving party of good cause for noncompliance, or upon a waiver of the hearing by the governmental agency identified as having the records."
[3] An affidavit of good cause must show that the records are material to the pending litigation and must state upon reasonable belief that the agency has the "type" of information or records sought to be disclosed (Evid.Code, § 1043, subd. (b)(2) & (3); City of Santa Cruz v. Municipal Court (1989) 49 Cal.3d 74, 83, 260 Cal.Rptr. 520, 776 P.2d 222), although it need not establish that the records actually exist (City of Santa Cruz, at pp. 89-92, 260 Cal.Rptr. 520, 776 P.2d 222). The city does not challenge the sufficiency of the affidavit.
[4] Evidence Code section 1045 states, "(a) Nothing in this article shall be construed to affect the right of access to records of complaints, or investigations of complaints, or discipline imposed as a result of such investigations, concerning an event or transaction in which the peace officer participated, or which he perceived, and pertaining to the manner in which he performed his duties, provided that such information is relevant to the subject matter involved in the pending litigation.

"(b) In determining relevance the court shall examine the information in chambers in conformity with Section 915, and shall exclude from disclosure: [¶] (1) Information consisting of complaints concerning conduct occurring more than five years before the event or transaction which is the subject of the litigation in aid of which discovery or disclosure is sought. [¶] (2) In any criminal proceeding the conclusions of any officer investigating a complaint filed pursuant to Section 832.5 of the Penal Code, [t] (3) Facts sought to be disclosed which are so remote as to make disclosure of little or no practical benefit.
"(c) In determining relevance where the issue in litigation concerns the policies or pattern of conduct of the employing agency, the court shall consider whether the information sought may be obtained from other records maintained by the employing agency in the regular course of agency business which would not necessitate the disclosure of individual personnel records.
"(d) Upon motion seasonably made by the governmental agency which has custody or control of the records to be examined or by the officer whose records are sought, and upon good cause showing the necessity thereof, the court may make any order which justice requires to protect the officer or agency from unnecessary annoyance, embarrassment or oppression.
"(e) The court shall, in any case or proceeding permitting the disclosure or discovery of any peace officer records requested pursuant to Section 1043, order that the records disclosed or discovered may not be used for any purpose other than a court proceeding pursuant to applicable law." (Italics added.)
[5] Factors that may influence the materiality of impeachment evidence concerning complaints against a police officer witness include the importance of the witness to the prosecutor's case, the logical connection between the misconduct alleged in the complaint and the honesty or veracity of the witness in the present litigation, and the remoteness in time of the alleged misconduct.
[6] We requested supplemental briefing on several issues, including the effect of the timing of the disclosure order on the constitutionality of the five-year rule as applied to this case. The city disputed our formulation of the issues and did not address this issue in its supplemental brief.
[7] The California Supreme Court in Delaney v. Superior Court (1990) 50 Cal.3d 785, 268 Cal. Rptr. 753, 789 P.2d 934 applied a similar balancing test to resolve a conflict between a criminal defendant's right to a fair trial under the federal Constitution and the interests served by the newsperson's shield law in the state Constitution (Cal. Const., art. I, § 2(b)), holding that a court must consider the extent to which the requested information is confidential or sensitive, the interests served by applying the shield law, the importance of the information to the defendant, and the availability of alternative sources of the information. (Delaney v. Superior Court, supra, 50 Cal.3d at pp. 810-812, 268 Cal.Rptr. 753, 789 P.2d 934.) See also 3 Rotunda & Nowak, Treatise on Constitutional Law (3d ed.1999) § 18.3, pp. 224-226, discussing the Supreme Court's use of a balancing test in lieu of "strict scrutiny" or "intermediate scrutiny" in some circumstances where fundamental rights are affected.

The fundamental right at issue here is the right to a fair trial under the Fourteenth Amendment due process clause. (See Rock v. Arkansas, supra, 483 U.S. at p. 51, 107 S.Ct. 2704; Chambers v. Mississippi, supra, 410 U.S. at pp. 285, 302-303, 93 S.Ct. 1038.) Los Angeles County Public Defender as amicus curiae argues that pretrial disclosure of information concerning the 1990 complaint is required to protect the defendant's Sixth Amendment rights of confrontation and compulsory process. The California Supreme Court has held, however, that the right of confrontation arises only at trial and does not apply to pretrial discovery (People v. Hammon (1997) 15 Cal.4th 1117, 1126-1128, 65 Cal. Rptr.2d 1, 938 P.2d 986, citing Pennsylvania v. Ritchie (1987) 480 U.S. 39, 52-53, 107 S.Ct. 989, 94 L.Ed.2d 40 (plur.opn.)), and the United States Supreme Court has stated that the right to pretrial discovery should be evaluated under due process principles and not under the compulsory process clause (Pennsylvania v. Ritchie, supra, 480 U.S. at p. 56, 107 S.Ct. 989 (maj.opn.)). Our analysis therefore is based on the Fourteenth Amendment due process clause and not on the Sixth Amendment.
[8] The California Supreme Court has stated that Evidence Code section 1045 "strikes a fair and workable balance" between the competing interests of peace officers and criminal defendants and has applauded the statute as a "model of clarity and balance." (City of Santa Cruz v. Municipal Court, supra, 49 Cal.3d 74, 83-84, 94, 260 Cal.Rptr. 520, 776 P.2d 222.) The court in City of Santa Cruz held that an affidavit of good cause under Evidence Code section 1043, subdivision (b), need not be based on the affiant's personal knowledge. (49 Cal.3d at pp. 78, 86-89, 260 Cal.Rptr. 520, 776 P.2d 222.) It construed Evidence Code section 1043, subdivision (b), based in part on the statutory scheme of which it is a part, reasoning that the low threshold for good cause under section 1043 is offset by the mandatory and discretionary exclusions and procedures to protect privacy under section 1045. The opinion did not address the constitutionality of the five-year rule under Evidence Code section 1045, subdivision (b)(1), however, and therefore is not on point.